JOHN REHBERG, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

In an action to recover damages for injuries to plaintiff caused by the falling upon him of a pile of bricks in one of defendant's streets it appeared that the city charter authorizes the common council to enact laws prohibiting the obstruction of streets. The plaintiff offered to prove by the superintendent of incumbrances, in the department of public works, that there was a uniform regulation by that department prescribing the height to which brick piles could be carried; this was objected to and excluded on the ground that the ordinance of the common council was the proper proof of such a regulation. *Held* no error.

*Rehberg* v. *Mayor, etc.*, (91 N. Y. 137), distinguished.

(Argued May 5, 1885; decided June 9, 1885.)

THIS action was brought to recover damages for injuries to plaintiff caused by the falling upon him of a pile of bricks, which had been placed in a street of the city by contractors engaged in taking down a building for the purpose of erecting a new one on a lot adjoining the street.

The case is reported on a former appeal in 91 N. Y. 137. The superintendent of incumbrances in the department of public works of the city was called as a witness for plaintiff, who offered to show by him that there was a uniform regulation in the department prescribing the height to which brick piles in the street could be carried. This was objected to on the ground that "to prove a regulation, the ordinance of the common council was the proper way to prove it." The objection was sustained.

The court here say: "The offer was a proposition to prove by oral evidence a regulation defining or limiting the extent of the obstruction of streets by building material. By the charter of the city the common council had authority to enact ordinances on the subject, and one of the ordinances had already been put in evidence, and hence it would follow that the oral evidence of the witness was not competent. The production of the ordinance was clearly essential in the first instance, and testimony showing that a regulation had been established by the proper authority prohibiting the erection of

a pile of bricks, such as was constructed in accordance with the ordinance on the subject, would only be competent after the production of the same. Such testimony was not excluded by the ruling in question, and the effect of the decision was only to hold that, before the introduction of evidence of a regulation under an ordinance or ordinances, the necessary preliminary proof must be given. It follows that parol proof of a uniform regulation as to the height to which brick piles could be carried was not competent in the form in which it was offered.

" We are not called upon to consider the effect of the evidence which was excluded, as such evidence, as we have seen, was incompetent and inadmissible, until the plaintiff had proved the regulation of the common council by ordinance. Nor are we bound to consider the charge, in case such proof had been properly introduced, to which the plaintiff would have been entitled as to the negligence of the policeman/ in allowing an unlawful obstruction, even without notice in accordance with the opinion of this court upon the former appeal that the city was responsible, although it had not, by actual examination and inspection, ascertained its dangerous character. (*Rehberg* v. *Mayor*, etc., 91 N. Y. 137.)

" We are also unable to perceive that there is any ground for the contention that the validity of the plaintiff's exception is settled by the ruling as to the testimony given on the first trial, to which we have referred, in reference to the regulation of the common council in regard to obstructions in the street of this character, as a marked distinction exists between the decision of the court upon the first and the last trial, and the question now raised was not then presented.

" It cannot, we think, be claimed that the ruling in the record before us is the same as on the former trial, and that the decision of this court, in reference to the first trial, upon the appeal therefrom is conclusive and controlling upon the question now presented. On the first trial the plaintiff offered to prove that a regulation had been made prescribing the height to which brick might be piled in the streets, and the permission of the proper bureau, which was excluded, and it was held to be error; that it was to be assumed that regulations had been made; as plaintiff offered to prove, and that the policeman

assigned to duty at the place knew of them ; that while the policeman might have been justified in supposing that the contractors had a permit, he ought to have known, when the pile exceeded the height which safety permitted, they were not acting within the scope of any authority; that notice to the policeman of the unlawful character of the obstruction was notice to the city, and it is chargeable with any neglect on his part ; that as to whether there was time for the city, using reasonable diligence, to have removed the obstruction after such notice and before the injury, was a question of fact for the jury. The distinct objection was not taken to the evidence that the ordinance of the common council should have been introduced, and the point here made was not presented. This makes an essential difference between the two cases, and while on the first trial the proof offered.was competent when no such objection was made, there is a plain distinction between that case and the one now presented when the objection stated was made. The decision of the trial court, therefore, in no way conflicts with the decision of this court, and it cannot be said that it was erroneous."

*George N. Sanders* for appellant.

*D. J. Dean* for respondent.

MILLER, J., reads for affirmance.
All concur.
Judgment affirmed.